FILED
at ___ O'clock & ___ min __
DEC 5 2004
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 04-08218-W |
|---|---|
| Peter Carlo Katzburg, | **ORDER** |
| Debtor. | Chapter 7 |

This matter comes before the Court upon Peter Katzburg's ("Debtor") hearsay objection, which he raised during the hearing on Loretta Katzburg's ("Creditor") Motion for Relief from Stay (the "Motion"). Debtor raised the objection in order to preclude Creditor from entering copies of trial transcripts into evidence. For the reasons stated below, Debtor's objection is sustained.

Creditor seeks to admit a transcript of a witness from a state court divorce action into evidence. The witness did not attend the hearing, and the comments made by the witness and documented in the transcript were made out of this Court and offered to prove the truth of the matters asserted. Thus, pursuant to Federal Rule of Evidence 801(c), the trial transcripts are considered hearsay. An exception to the hearsay rule with respect to a trial transcript may be present in Federal Rule of Evidence 804 with respect to the unavailability of a declarant. The former testimony of an unavailable, out-of-court declarant may be admissible "if the party against whom the testimony is now offered, or in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." United States v. Solomon, No. 01-4121, 2001 WL 1566580, at **1 (4th Cir. Dec. 10, 2001). However, the former testimony is only admissible under Rule 804(b)(1) if the declarant is <u>unavailable</u> pursuant to Rule 804(a).

**ENTERED**
DEC 6 2004
**C.H.B.**

Unavailability of a witness defined by Rule 804(a) includes situations in which a privilege exists, where the declarant refuses to testify despite an order of the Court, where the declarant testifies as to a lack of memory surrounding their previous statement, where declarant is unable to be present due to a death or illness, and where declarant is absent and the proponent of the statement has been unable to procure attendance by process or other reasonable means. Fed. R. Evid. 804(a).

As noted by the Bankruptcy Court for the Eastern District of Virginia, the burden of proving the unavailability of a witness under Rule 804(a) rests with the proponent. Security Bank Corp. v. Jones (In re Jones), Nos. 98-17331, 98-2082, 1998 WL 939693, at *8 (1998). The court in Jones held that the proponent's assertion that a witness was unavailable was insufficient where the witness had a death in her family but did not show that her unavailability was anything other than temporary. Id. The court further noted that the testimony did not appear to be critical or particularly inconsistent with testimony already presented.

Courts have also found that a witness does not qualify as "unavailable" due to a mere absence from a hearing where the proponent does not establish that any reasonable, good faith steps were taken to procure presence. United States v. Solomon, No. 01-4121, 2001 WL 1566580, at **1 (4th Cir. Dec. 10, 2001); In re Printup, 264 B.R. 176, 179 (Bankr. E.D. Tenn. 2001). Failure to subpoena the witness has been considered by courts as a factor in determining that the proponent of the evidence has not met her burden of demonstrating efforts to procure the witness. In re Printup; In re Markey, 144 B.R. 738 (Bankr. W.D. Mich. 1992). Further, an assertion that it would be expensive to procure testimony of the witness has also been held insufficient. In re Gandy, 41 B.R. 56, 59 (Bankr. N.D. Miss. 1984).

In the matter before the Court, Creditor did not offer a sufficient explanation for the unavailability of the witness, and did not meet her burden of proving unavailability within the meaning of Fed. R. Evid. 804(a). Accordingly, the transcript is considered hearsay for which Federal Rule of Evidence 804 does not provide an exception.

Nevertheless, at least one court has admitted former testimony that does not meet a specified hearsay exception under the residual exception to the hearsay rule found in Federal Rule of Evidence 807, formerly found in Rules 803(24) and 804(b)(5). Fowler v. Jenkins (In re Jenkins), 258 B.R. 251, 260-61 (N.D. Ala. 2001). However, in that case, the parties were submitting no other testimony or evidence, thus the court found the former testimony highly probative and sufficient to meet the high burden for admission under Rule 807.

Federal Rule of Evidence 807 provides that:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

The legislative history for Rule 807 provides that the residual exception is to be used very rarely, and only in exceptional circumstances. Bankruptcy Evidence Manual, § 807.1 (2005 ed.) (citing Report of Senate Committee). See also Boca Investerings P'ship v. United States, 128 F.Supp.2d 16, 22 (D.D.C. 2000)("The residual exception to the hearsay rule is intended to be used very sparingly, and only when there exists equivalent circumstantial guarantees of trustworthiness.")(internal quotations omitted). Furthermore, the proponent of the statement bears the burden of proving the statement's admissibility. See Jacobsen v.

3

Deutsche Bank, A.G., 206 F.Supp.2d 590, 595 n.14 (S.D.N.Y. 2002)(citing United States v. Washington, 106 F.3d 983, 1001-02 (D.C. Cir. 1997)). However, Federal Rule 807 also provides that the statement may not be admitted unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant. In the matter before the Court, Creditor did not attempt to admit the former testimony under this residual exception. Further, Creditor did not establish that Debtor had sufficient notice of her intentions to use the transcript during the hearing. Finally, there has been no assertion that this testimony is more probative on the point for which it is offered than any other evidence that can be procured through reasonable efforts, or has already been presented by the lengthy hearing this Court has already held on this matter as well as by the pleadings and evidence presented by the parties. Accordingly, the Court is not convinced that the proponent has demonstrated that the former testimony meets the exceptional circumstances required for admission under Rule 807, nor is the Court convinced that it is appropriate or necessary in this case to invoke this Court's discretion in applying this Rule.

Accordingly, the Court finds that transcript offered to be inadmissible hearsay and is excluded.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 6, 2004